## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

DLJ MORTGAGE CAPITAL, INC.;

    Plaintiff,

vs.

ANYA GWELYN FLOYD; J.S., A MINOR CHILD IN THE CARE OF HIS MOTHER AND NATURAL GUARDIAN, GEMMA JUNELLA ASHLY; and ANY AND ALL UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF MABLE HARRIGAN, DECEASED;

    Defendants.

Case No.: _____

Action for Debt and Foreclosure of Real Property

## **COMPLAINT**

Plaintiff, DLJ MORTGAGE CAPITAL, INC. ("Plaintiff" or "DLJ"); by and through undersigned counsel, for its complaint against Defendants, ANYA GWELYN FLOYD; J.S., A MINOR CHILD IN THE CARE OF HIS MOTHER AND NATURAL GUARDIAN, GEMMA JUNELLA ASHLY; and ANY AND ALL UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF MABLE HARRIGAN, DECEASED; states:

1. Jurisdiction is proper over this matter pursuant to 28 U.S.C § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00, and because this is an action to foreclose a real property mortgage.

2. Venue is proper in this division because the subject Mortgaged Property is located in St. Thomas, U.S. Virgin Islands.

3. Plaintiff, DLJ MORTGAGE CAPITAL, INC. is a Delaware corporation with its corporate headquarters located in New York.

4. MABLE HARRIGAN is the owner of record of the subject Mortgaged Property located in St. Thomas, U.S. Virgin Islands. A copy of the vesting Deed is attached as **Exhibit A**.

5. MABLE HARRIGAN is deceased as of July 7, 2011, and upon information and belief, died intestate. A copy of the Death Certificate is attached as **Exhibit B**.

6. The individual heirs of MABLE HARRIGAN are joined by virtue of any right, title, claim, or interest in and to the Mortgaged Property, or any part thereof, said Defendants may claim as an heir at law or as a beneficiary of the decedent. *See United States v. Connor*, 2013 U.S. Dist. LEXIS 15848, at *6 ("Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately.") (*quoting Government of Virgin Islands v. Certain Parcels of Land in Estate Nisky*, 713 F.2d 53, 57 n.10 (3d Cir. 1983)).

7. Based on an extensive public records search and interviews with individual family members and other interested parties, Defendant ANYA GWELYN FLOYD is an heir (adult daughter) of decedent MABLE HARRIGAN, and is a citizen and resident of St. Thomas, U.S. Virgin Islands.

8. Based on an extensive public records search and interviews with individual family members and other interested parties, Defendant J.S. is an heir (minor grandson, whose father Neal R. Sprauve, Jr. is deceased) of decedent MABLE HARRIGAN, and resides with his mother and natural guardian, Gemma Junella Ashly, in Florida.

9. On May 5, 1997, MABLE HARRIGAN executed a Note in which they promised to pay the Note Holder the principal sum of One Hundred Ten Thousand and 00/100 U.S. Dollars ($110,000.00) together with interest at the rate of 7.625 % per annum, in equal monthly installments of $778.58. A copy of the Note is attached as **Exhibit C**.

10. The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

11. Repayment of the loan, including any and all sums that they at any time and for any reason may become due, is secured by a First Priority Mortgage executed by MABLE HARRIGAN on May 5, 1997 in the sum of $110,000.00 covering the following real property:

**Parcel No. 80 Estate Bordeaux**
**No. 6 West End Quarter**
**St. Thomas, U.S. Virgin Islands**
**consisting of 0.2808 U.S. acre, more or less**
**as shown on P.W.D. Drawing No. G9-1826-T71**

(the "Mortgaged Property"). The First Priority Mortgage was recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas / St. John on May 5, 1997 under Official Records Book 48-A, at Page 309, Instrument No. 2302. A copy of the First Priority Mortgage is attached hereto as **Exhibit D**.

12. The Mortgage was assigned to Plaintiff by an Assignment of Mortgage dated February 07, 2014 and recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas / St. John on March 25, 2019, as Document No. 2019001832. A copy of the Assignment of Mortgage is attached as **Exhibit E**.

13. The Note follows the First Priority Mortgage. The First Priority Mortgage provides that the borrower shall pay all payments that are due under the Note. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and First Priority Mortgage.

14. Defendants have failed to comply with the terms and conditions of the Note and First Priority Mortgage, and are in default under those instruments for failing to pay the principal and interest when due on February 01, 2010.

15. Notice of the default was sent to THE ESTATE OF MABLE HARRIGAN at the property address and at the mailing address. A copy of the letters is attached as **Exhibit F**.

16. To date, the default has not been cured, and Defendants remain in default under the terms of the Note and First Priority Mortgage for failing to pay the principal and interest when due.

17. During the pendency of this action and prior to the foreclosure sale of the Mortgaged Property, Plaintiff may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgaged Property, which, pursuant to the First Priority Mortgage become part of the principal amount of the indebtedness and for which Plaintiff is entitled to recover against the Defendants; as well as its costs and fees, including reasonable attorneys' fees as a result of protecting Plaintiff's legal rights, which under the provisions of the First Priority Mortgage also become a lien on the Mortgaged Property until paid.

### Count I - Action for Debt

18. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

19. Pursuant to the terms and conditions of the Note and First Priory Mortgage, Plaintiff has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is, accordingly, due and owing to Plaintiff the total sum of the least **$174,117.45** as of **June 10, 2023** as shown below:

| | |
|---|---|
| Unpaid Principal Balance | $ 86,765.76 |
| Interest | $ 32,020.39 |
| Escrow/Impound Advance Balance | $ 34,826.56 |
| Late Charges Outstanding | $ 3,550.65 |
| Loan Level Advance Balance | $ 16,954.09 |
| **Total Amount Due** | **$ 174,117.45** |

plus further interest and late charges accruing until the date of judgment.

1. Plaintiff is entitled to recover all sums due under the Note from Defendants.

17. Under the terms of the First Priority Mortgage, Plaintiff is entitled to be reimbursed for

any insurance premiums, taxes, or other charges that it pays with respect to the Mortgaged Property.

18. Under the terms of the Note and First Priority Mortgage, Plaintiff is entitled to be reimbursed for reasonable attorney fees and other expenses incurred by Plaintiff to enforce payment of the Note or incidental to foreclosure of the Mortgaged Property.

29. The amounts due under the terms and conditions of the Note are for a fixed and definite sum, or a sum that by computation can be readily ascertained.

## Count II - Foreclosure of All Liens

20. Plaintiff is the holder of the Note and First Priority Mortgage secured by the Mortgaged Property.

21. Defendants are in default under the terms and conditions of the First Priority Mortgage for failing to make the required payments due under the Note, and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note.

22. Plaintiff is entitled to foreclosure of its lien and all other liens having a lower priority; the sale of the Mortgaged Property to satisfy the Note; and the recovery of any deficiency remaining after sale from THE ESTATE OF MABLE HARRIGAN in accordance with V.I. CODE ANN. tit. 28, §§ 531 – 538.

## Count III - Quiet Title

23. Plaintiff re-states and re-alleges all of the previous paragraphs and incorporates them by reference as if fully stated herein.

24. Plaintiff is the mortgagee of the First Priority Mortgage given by MABLE HARRIGAN encumbering the Mortgaged Property detailed above.

25. Defendants are in default under the terms and conditions of the First Priority Mortgage and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note by way of foreclosure sale.

26. Plaintiff or the purchaser at the foreclosure sale against is entitled to possession of the Mortgaged Property at the exclusion of all Defendants, or any parties alleging any right, title or interest in the Mortgaged Property through, under, or against Defendants or on their behalf.

27. The aforesaid transactions, act, and circumstances allow Plaintiff or the purchaser at the foreclosure sale to have title to the Mortgaged Property quieted against any lien or claim of right of any and all Defendants or other third parties, known or unknown, claiming any present or future right, title, estate, or interest in the Mortgaged Property.

28. Defendants and all persons claiming by, through under or against them, have no estate, right title, lien, or interest in or to the Mortgaged Property, or any part thereof, superior to that of the Plaintiff.

29. Plaintiff is entitled to an Order or Judgment perpetually enjoining Defendants and those parties claiming by, through, under or against the Defendants from asserting any right, title claim, alleged lien, or interest in and to the Mortgaged Property.

WHEREFORE, Plaintiff respectfully requests the entry of a judgment in its favor as follows:

a) declaring that Defendants have defaulted under the terms of the Note and First Priority Mortgage, thereby entitling Plaintiff to exercise all of the remedies provided for those instruments;

b) adjudging that Defendants are indebted to Plaintiff in the total amount of at least **$174,117.45** as of **June 10, 2023** as described herein; plus all additional unpaid principal, interest, costs, expenses, and attorney's fees incurred by Plaintiff during the pendency of this matter or otherwise as of the date of judgment, plus interest accruing thereafter at the legal rate until the judgment is satisfied;

c) recognizing Plaintiff's mortgage to be a valid First Priority Mortgage against the Mortgaged Property;

d) awarding a judgment against THE ESTATE OF MABLE HARRIGAN for any deficiency

remaining if the judgment is not satisfied after such sale;

e) granting possession of the Mortgaged Property to Plaintiff or the purchaser at the foreclosure sale against the Defendants or anyone holding under them;

f) awarding Plaintiff the costs and fees incurred by it in protecting its rights in the Mortgaged Property, including but not limited to real property taxes and insurance premiums respecting the Mortgaged Property during the pendency of this action and prior to the foreclosure sale thereof; together with post judgment interest on the judgment amount, costs and reasonable attorneys' fees;

g) declaring that Defendants and all persons claiming from and under them are barred and forever foreclosed of all right, title, lien, claim, and equity of redemption in and to the Mortgaged Property, subject only to the statutory right of redemption except where waived and released; and

h) awarding Plaintiff any and all such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted,

Quintairos, Prieto, Wood & Boyer, P.A.
24b Norre Gade
St. Thomas, VI 00802

*Mailing Address:*
255 South Orange Avenue, Suite 900
Orlando, Florida 32801
Phone: (855) 287-0240
Fax: (855) 287-0211

/s/ Matthew R. Reinhardt
Matthew R. Reinhardt, Esq.
V.I. Bar No.: 1265
Matthew.Reinhardt@qpwblaw.com